HOLLAND & KNIGHT LLP
Daniel P. Kappes (SBN 303454)
50 California Street, 28th Floor
San Francisco, CA  94111
Telephone:  415-743-6900
Facsimile:   415-743-6910
E-mail: daniel.kappes@hklaw.com

Attorneys for Plaintiff Tenbrink Winery, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENBRINK WINERY, LLC<br><br>            Plaintiff,<br><br>   v.<br><br>LA PELLE WINES, LLC<br><br>            Defendant. | Case No.: 3:22-CV-00857<br><br>**COMPLAINT FOR<br>(1) FEDERAL TRADEMARK INFRINGEMENT,<br>(2) FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN, AND (3) CALIFORNIA TRADEMARK INFRINGEMENT, AND<br>(4) CALIFORNIA UNFAIR COMPETITION<br>(5) CALIFORNIA FALSE ADVERTISING**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tenbrink Winery LLC, d/b/a Tenbrink Winery ("Tenbrink Winery" or "Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of Plaintiff Tenbrink Winery, LLC's federally-registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement, unfair competition, and deceptive and unfair trade practices under the statutory and common laws of the State of California, all arising from the Defendant La Pelle Wines, LLC's (Defendant's") unauthorized use of the Shovel mark, serial number 3730949, in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's California wines.

2. Tenbrink seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331 and 1338(a) and 15 U.S.C § 1121. Further, this Court possesses federal question over this action insofar as the matter arises under the Lanham Act. Additionally this Court has supplemental jurisdiction over Tenbrink's state law claims under 28 U.S.C. § 1367(a) insofar as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

4. This Court has personal jurisdiction over Defendant. Defendant resides in the forum, operates a website accessible within the United States https://www.lapellewines.com/ and Defendant conducts business within the U.S. market, specifically within the Northern District of California.

5. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving raise to the claim occurred in this District.

## DIVISIONAL ASSIGNMENT

6. Pursuant to Civil L.R. 3-2(c), venue is properly placed in the San Francisco or Oakland Divisions, as the parties reside in Napa County, and all relevant activity took place therein.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

**PARTIES**

7. Plaintiff Tenbrink Winery is a California limited liability company with its principal place of business at 4185 Charborne Road, Fairfield, California 94534. Tenbrink is the owner of U.S. Trademark Registrations for the mark and design SHOVEL DESIGN.

8. Defendant La Pelle Wines is a California company with its principal place of business at 905 Jefferson St., Napa, California 94559.

**FACTS**

**A. Plaintiff and Its Mark.**

9. Tenbrink is a vintner who grows, produces, bottles, and sells high quality California wines throughout the United States.

10. Tenbrink is the owner of valid and subsisting United States Trademark Registration No. 3730949 on the Principal Register in the United States Patent and Trademark Office for a SHOVEL DESIGN Mark ("SHOVEL") for the labeling of wine, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 1** is a true and correct copy of the registration certificate and maintenance records for Tenbrink's United States Trademark Registration No. 3730949, which was issued by the United States Patent and Trademark Office on October 13, 2009.

11. Tenbrink has used the SHOVEL Mark in commerce throughout the United States continuously since February 20, 2008, in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising and promotion of wine. Attached hereto as **Exhibit 2** are photographs and representative samples of promotional materials showing Tenbrink's use of the SHOVEL Mark in connection with these goods and services.

12. As a result of its widespread, continuous, and exclusive use of the SHOVEL Mark to identify its wines and Tenbrink as their source, Tenbrink owns valid and subsisting federal statutory and common law rights to the SHOVEL Mark.

13. Tenbrink's SHOVEL Mark is distinctive to both the consuming public and Tenbrink's trade. Attached hereto as **Exhibit 3** are copies of news articles, reviews and third party blog posts

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

about Tenbrink and its wines showing images of the shovel mark and mentioning the importance of the SHOVEL mark to Tenbrink.

14. Tenbrink has expended substantial time, money, and resources marketing, advertising, and promoting its wine sold under the SHOVEL Mark including through Tenbrink's website and material that aims to enhance the brand's awareness to the public such as shovel logo uniforms.

15. Tenbrink distributes and sells its wines under the SHOVEL Mark through online sales, through social media, and directly to restaurants throughout the United States.

16. The wines Tenbrink offers under the SHOVEL Mark are of high quality, being grown in the unique terroir renowned Suisun Valley, just east of the Napa Valley of California. Grown on a 10,000 acres, Tenbrink grows its wine grapes in all three distinct local microclimates in the lower, mid, and upper valley of the Suisun Valley.

17. As a result of its efforts, Tenbrink has developed valuable trademark rights including common-law rights in its SHOVEL Mark, extending nationwide.

18. Tenbrink's SHOVEL Mark, as applied to wine, is a strong, fanciful designation, entitled to a broad scope of protection, especially considering the extent of advertisement and years of customer service in the industry by Tenbrink under this mark.

19. As a result of Tenbrink's long, extensive, exclusive, and continuous use of its SHOVEL Mark in connection with its business, the enormous public exposure due to it through promotion and excellent customer service the SHOVEL Mark has acquired secondary meaning and has become extremely well and favorably known as a designator of origin for Tenbrink's products. The SHOVEL Mark serves to identify the source of Tenbrink's products.

20. Because of the likely confusion as to the source of Defendant's services by Defendant's use of a shovel design on its wine bottles as a label, Tenbrink's goodwill in its SHOVEL Mark and design has been and will be damaged.

21. Defendant's continuing infringing activity demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of both Tenbrink's consumers and potential consumers and in the minds of Defendant's consumers and potential consumers.

**B. Defendant's Unlawful Acts.**

22. Without Tenbrink's authorization, and upon information and belief, beginning after Tenbrink acquired protectable exclusive rights in its SHOVEL Mark, Defendant adopted and began using a mark (the "Infringing Mark") confusingly similar to Tenbrink's SHOVEL Mark in US commerce.

23. Defendant has been and continues to be engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of wine using the Infringing Mark throughout the United States. Defendant sells and promotes its products online and through social media using a shovel logo to identify itself. Its labels are made in the shape of a shovel. Defendant defines "la pelle" as "the shovel" on its "about us" page and advertises, "From the shovel's first plunge into the vineyard soil, to its last scrape of the fermentation tank, La Pelle wines are equally crafted in the vineyard and in the cellar and are a true collaboration between farmer and winemaker." Attached as **Exhibit 4** are true and correct copies of La Pelle's webpage showing Defendant's use of the Infringing Mark. Defendant is situated in the southeastern corner of the Napa Valley, only 18.3 miles by road from Tenbrink winery. Tenbrink and Defendant are so close to each other that each sits less than 15 minutes from Napa County Airport.

24. Defendant La Pelle Wines was founded in 2016.

25. Defendant claims that it's "mission [is] to create terroir-driven wines that are the ultimate expression of the sites from which the fruit is sourced."

26. Upon information and belief, Defendant intends to promote its products using its wine bottle labeling and trade dress with a shovel in the United States.

27. Tenbrink, in writing, has explained to Defendant the nature of its complaint and demanded it cease its unauthorized use of its shovel label, but Defendant continue to persist in such infringing and violative activities. Attached and made a part hereof as **Exhibit 5** is a copy of the cease and desist letter Tenbrink's counsel sent to Defendant's counsel on May 18th, 2021.

28. To date, Tenbrink has received no response to its cease and desist letter and, after reasonable inquiry, has no evidence that Defendant has responded to or complied with the demands set out in Tenbrink's counsel's cease and desist letter.

29. Defendant's infringing acts as alleged herein have resulted in actual confusion. Tenbrink's SHOVEL Mark is substantially similar to the Infringing Mark used by the Defendant, evidenced by Tenbrink's customers, who identify the shovel with a secondary meaning, in that they expressly request wine by requesting "give me the shovel wine" and/or similar phrases.

30. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Tenbrink's SHOVEL Mark, cause confusion and deception in the marketplace, and divert potential sales of Tenbrink's wines to the Defendant.

31. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Tenbrink and to its valuable reputation and goodwill with the consuming public.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

32. Tenbrink re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 31, as though fully set forth herein.

33. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's wines, and is likely to cause consumers to believe, contrary to fact, that Defendant's wines are sold, authorized, endorsed, or sponsored by Tenbrink, or that Defendant is in some way affiliated with or sponsored by Tenbrink. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Tenbrink's prior rights in the SHOVEL Mark and with the willful intent to cause confusion and trade on its goodwill.

35. By reasons of Tenbrink's prior adoption and use of its marks and its federally registered design trademarks, Tenbrink's rights are superior to and supersede any rights Defendant may have in the Infringing Mark.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

36. Defendant was on constructive notice of the existence of Tenbrink's rights to the SHOVEL Mark and design, by reason of the existence of Tenbrink's federal trademark registrations and by reason of its prior cease and desist letter.

37. Defendant had actual knowledge of Tenbrink's prior and superior rights to the SHOVEL Mark.

38. The class of customers for the products offered by Defendant is the same class of customers to whom Tenbrink offers its products.

39. In view of the substantially identical nature of the parties' products, the confusing similarity caused by the use of the SHOVEL Mark by the two parties, and the substantially similar channels of trade and classes of purchasers of the parties' products, Defendant's continued use of wine bottle labeling with a shovel design is likely to cause confusion, mistake, and deception among purchasers and the public generally, leading them to believe, falsely, that Defendant's products are those of, sponsored or approved by, or in some way connected with Tenbrink, to the irreparable injury of Tenbrink and the public. Despite such likelihood of public confusion, mistake, or deception, Defendant pursues its wine bottle labeling with a shovel design, disregarding Tenbrink's demands that Defendant cease this activity.

40. On information and belief, Defendant's acts complained of herein have for their objective the willful appropriation of Tenbrink's right in the SHOVEL Mark and design and of the valuable goodwill of Tenbrink's business, thereby unlawfully benefitting Defendant.

41. On information and belief, the continued use of the wine labeling with a shovel by Defendant will be likely to injure the business and reputation of Tenbrink and will damage the distinctive quality of Tenbrink's SHOVEL Mark and design and federally registered trademark.

42. Defendant's conduct is causing immediate and irreparable harm and injury to Tenbrink, and to its goodwill and reputation, and will continue to both damage Tenbrink and confuse the public unless enjoined by this court. Tenbrink has no adequate remedy at law.

43. Tenbrink is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of

the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN

44. Tenbrink re-alleges and incorporates herein by re-alleges all allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45. Defendant's unauthorized use in commerce of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's wines, and is likely to cause consumers to believe, contrary to fact, that Defendant's wines are sold, authorized, endorsed, or sponsored by Tenbrink, or that Defendant is in some way affiliated with or sponsored by Tenbrink.

46. Defendant's unauthorized use in commerce of the Infringing Mark constitutes use of a false designation of origin and misleading description and representation of fact.

47. Upon information and belief, Defendant's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Tenbrink.

48. Defendant's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. Defendant's conduct is causing immediate and irreparable harm and injury to Tenbrink, and to its goodwill and reputation, and will continue to both damage Tenbrink and confuse the public unless enjoined by this Court. Tenbrink has no adequate remedy at law.

50. Tenbrink is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

51. The aforesaid acts constitute federal unfair competition in the form of passing off, false representation, false advertising, and false designation of origin, all in direct violation of 15. U.S.C. § 1125 (a).

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

## THIRD CAUSE OF ACTION

## CALIFORNIA TRADEMARK INFRINGEMENT

52. Tenbrink re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. This cause of action arises under Cal. Bus. & Prof. Code § 14200 et seq., specifically § 14245.

54. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

55. Defendant's use of the wine bottle labeling with a shovel design is without the permission or authorization of Tenbrink and is likely to cause confusion, mistake and deception among consumers and the public generally. Despite such a likelihood of public confusion, mistake or deception, Defendant has continued to use and is presently using the wine bottle labeling with a shovel design and disregarding Tenbrink's demand that Defendant cease this activity.

56. Upon information and belief, Defendant's continued use of the wine bottle labeling with a shovel design is likely to injure the activity and reputation of Tenbrink, will diminish the distinctive quality of Tenbrink's source identifying mark, and cause irreparable injury to Tenbrink's trade and goodwill and to the public.

57. Defendant's wrongful acts constitute common law trademark infringement in California.

58. Defendant's aforesaid acts are irreparably damaging to Tenbrink and will continue to irreparably damaging Tenbrink unless enjoined by this Court, and Tenbrink is without an adequate remedy at law.

59. Defendant has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices through its unlawful use of the wine bottle labeling with a shovel design.

60. Defendant's use of a shovel design is causing confusion among consumers given:

    a. Tenbrink's historical and continuous use of its SHOVEL Mark;

    b. The proximity of the parties' wineries and relatedness of their products;

   c. Similarity of marks in sight, sound, and meaning;
   d. Competition and overlap in marketing channels;
   e. Importance of labeling and bottle design in the type of goods being sold and degree of care, or lack thereof, exercised by purchasers.

## FOURTH CAUSE OF ACTION

## CALIFORNIA UNFAIR COMPETITION

61. Tenbrink re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

63. As described more fully herein, Defendant's wrongful acts constitute unfair competition, under Cal. Bus. & Prof. Code § 17200 *et seq*., in that said acts:

   a. Enable and will continue to enable Defendant to obtain the benefit of and trade on Tenbrink's goodwill;
   b. Damage and will continue to damage Tenbrink's goodwill in that Tenbrink does not have control over Defendant's operation; and
   c. Cause, have caused, and are likely to continue to cause confusion, mistake, or deception in the minds of the public.

64. The aforesaid acts of Defendant are greatly and irreparably damaging to Tenbrink and will continue to be greatly and irreparably damaging unless enjoined by this Court.

## FIFTH CAUSE OF ACTION

## CALIFORNIA FALSE ADVERTISING

65. Tenbrink re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66. This cause of action arises under Cal. Bus. & Prof. Code § 17500 *et seq*. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

67. Defendant has engaged in false advertising by its continued and deceptive use of its wine bottle labeling and marketing that includes a shovel design.

68. Defendant's advertising and marketing use of a shovel design causes confusion among consumers given:

   a. Tenbrink's historical and continuous use of its SHOVEL Mark;
   b. The proximity of the parties' wineries and relatedness of their products;
   c. Similarity of marks in sight, sound, and meaning;
   d. Competition and overlap in marketing channels;
   e. The importance of labeling and bottle design in the type of goods being sold and degree of care, or lack thereof, exercised by purchasers.

69. Defendant's wine bottle labeling and packaging is sufficiently similar to Tenbrink's SHOVEL Mark that consumers are likely to be confused as to source of products.

70. Defendant is aware that its unlawful use of Tenbrink's SHOVEL Mark is either actually misleading or has the capacity, likelihood, or tendency to deceive or confuse the public.

## PRAYER FOR RELIEF

WHEREFORE, Tenbrink prays for judgment against Defendant La Pelle Wines, LLC as follows:

   a. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).
   b. That Defendant has violated California trademark law Cal. Bus. & Prof. Code § 14200 *et seq.*, unfair competition law Cal. Bus. & Prof. Code § 17200 *et seq.* and Cal. Bus. & Prof. Code § 17500 *et seq.*
   c. Granting an injunction temporarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

   i. manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote Defendant's wine or any products bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Tenbrink's SHOVEL mark;

   ii. engaging in any activity that infringes Tenbrink's rights in its SHOVEL mark;

   iii. engaging in any activity constituting unfair competition with Tenbrink;

   iv. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's wines are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Tenbrink or (ii) Tenbrink's wines are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

   v. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other mark that infringes or is likely to be confused with Tenbrink's SHOVEL mark, or any goods or services of Tenbrink, or Tenbrink as their source; and

   vi. aiding, assisting, or abetting any other individual or entity in doing any act prohibited herein.

  d. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Tenbrink or constitute or are connected with Tenbrink's wines.

Complaint for Damages     Case No. 3:22-CV-00857

e. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Tenbrink's SHOVEL mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Tenbrink's SHOVEL Mark, and to immediately remove them from public access and view.

f. Directing that Defendant recall and deliver up for destruction, or other disposition, all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Tenbrink's SHOVEL Mark.

g. Directing Defendant to formally abandon with prejudice any and all of its applications to register the Infringing Mark or any mark consisting of, incorporating, or containing Tenbrink's SHOVEL Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

h. Directing Defendant to cancel with prejudice any and all of its registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Tenbrink's SHOVEL Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

i. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Tenbrink's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

j. Awarding Tenbrink an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

k. Directing that Defendant account to and pay over to Tenbrink all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Tenbrink for the damages caused thereby.

l. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Tenbrink its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

m. Awarding Tenbrink interest, including prejudgment and post-judgment interest, on the foregoing sums.

n. Awarding Tenbrink damages to the full extent provided by California common law.

o. Any other relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Tenbrink demands a trial by jury on all issues so triable.

Dated: February 9, 2022                    HOLLAND & KNIGHT LLP

                                           By: _s/ Dan Kappes_
                                                Daniel P. Kappes

                                           Attorneys for Tenbrink Winery, LLC